OWEN *v.* CITY OF DETROIT.

1. MANDAMUS—PUBLIC OFFICERS—DEMAND FOR ACTION.
   Discretionary writ of mandamus will not issue to compel action by public officers without prior demand for such action.

2. MUNICIPAL CORPORATIONS—VETERANS' PREFERENCE ACT—RIGHT TO ABOLISH POSITION.
   Veterans' preference act (1 Comp. Laws 1929, § 901) does not circumscribe right of proper municipal officers to abolish positions or employments and thereby remove veterans in absence of bad faith or subterfuge intended to defeat statutory preference.

3. SAME—RIGHT TO HEARING BEFORE MAYOR.
   If position is legally abolished, resulting in discharge of World War veteran, veterans' preference act does not apply, and employee has no right to hearing before mayor, nor has mayor power to grant one.

4. SAME—JUDICIAL QUESTION.
   Whether veterans' preference act applies to situation is necessarily judicial question.

5. SAME—MANDAMUS—BURDEN OF PROOF.
   Veteran bringing mandamus proceeding to compel his reinstatement in position from which he claims he was discharged in violation of veterans' preference act has burden of showing clear legal right to reinstatement.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 26, 1932. (Calendar No. 35,623.) Decided June 6, 1932.

Mandamus by Harold M. Owen against City of Detroit, a municipal corporation, and others to compel plaintiff's reinstatement as an employee of the city. Writ granted. Defendants appeal. Reversed.

As to tenure of office, civil service, and veteran laws, see annotation in 4 A. L. R. 207; 37 A. L. R. 816.

*L. Eugene Sharp,* for plaintiff.

*Clarence E. Page,* for defendants.

FEAD, J.   July 1, 1930, plaintiff was appointed to the position of supervisor of purchases of the department of street railways of the city of Detroit, a position created for him.   October 1st the position was abolished, plaintiff and other employees were discharged, and the work distributed among those remaining in the division.   The action was in the interest of economy, and resulted in a saving to the city.   The record shows no bad faith or subterfuge in abolishing the position.

Plaintiff made no demand for reinstatement or hearing before the mayor, but brought mandamus to compel his reinstatement in service on the ground that, as he is an honorably discharged veteran of the World War, he could not be removed without a hearing before the mayor and upon written order of the mayor, under 1 Comp. Laws 1929, § 901.   The court granted the writ.

The case may be disposed of upon the ground that the discretionary writ of mandamus will not issue to compel action by public officers without prior demand for such action. *Butler* v. *Saginaw Supervisors,* 26 Mich. 22; *Hitchcock* v. *Wayne Circuit Judge,* 97 Mich. 614; 38 C. J. p. 714.   However, decision need not rest on that ground alone.

The statute does not circumscribe the right of proper municipal officers to abolish positions or employments and thereby remove veterans "in the absence of bad faith or subterfuge intended to defeat the statutory preference." *Swantush* v. *City of Detroit,* 257 Mich. 389; *Smith* v. *City Commission,* 258 Mich. 698.

It is contended, however, that determination of the question of good faith in abolishing the position was exclusively for the mayor. It may be conceded that, in passing upon whether a removal is for cause, the mayor may inquire into the good faith of the discharge. But if the position is legally abolished, the statute does not apply, and the employee has no right to a hearing, nor the mayor power to grant one. Whether the statute applies to a situation necessarily must be a judicial question.

In submitting his case to the court, plaintiff assumed the burden of showing a clear legal right to reinstatement. It was incumbent on him to show that his removal was illegal because the abolition of his position was a colorable subterfuge for his discharge and was not done in good faith.

The writ will be set aside, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.