*In re* FREDERICKS.

*In re* BRAND.

1. OFFICERS—MUNICIPAL CORPORATIONS—FIRE DEPARTMENT CIVIL SERVICE COMMISSION—FUNCTION.

Although under the provisions of municipal corporation fire department civil service act relative to procedure for discharge of employees it is contemplated that formal charges shall be preferred, a hearing had thereon and decision of the commission based upon the testimony so taken, the commission functions in a capacity which is essentially administrative and, although partaking of that which is judicial, its acts are not truly of such a nature and are termed quasi-judicial functions (Act No. 78, § 14, Pub. Acts 1935).

2. CONSTITUTIONAL LAW—DISTRIBUTION OF GOVERNMENTAL POWERS
   —CIVIL SERVICE COMMISSION—REMOVAL OF FIREMAN FOR CAUSE—
   APPEAL.

   A decision of a municipal civil service commission upon a hearing to remove an employee of a fire department for cause, not being the result of judicial action, but being at most a quasi-judicial act of an administrative tribunal, is not· subject to review by the courts on appeal and an attempt by the legislature to create a right of appeal would be unconstitutional as an endeavor to foist nonjudicial functions upon the courts (Const. 1908, art. 4, § 2, art. 7, § 10; Act No. 78, § 14, Pub. Acts 1935).

3. OFFICERS—MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—
   APPEAL TO CIRCUIT COURT IN NATURE OF CERTIORARI.

   Procedure on appeal to circuit court as outlined in municipal fire department civil service commission act in which it is provided that review be had on the record as made before the commission and that no additional testimony is permissible, being in accord with the procedure on review by certiorari, is construed as intending to provide review by appeal in the nature of certiorari and within constitutional provision giving circuit courts supervisory control over inferior tribunals (Const. 1908, art. 4, § 2, art. 7, § 10; Act No. 78, § 14, Pub. Acts 1935).

4. CERTIORARI—SCOPE OF REVIEW.

   The scope of review upon an appeal in the nature of certiorari is limited to determining if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law and it is not a review *de novo.*

5. MUNICIPAL CORPORATIONS—FIREMEN—CIVIL SERVICE COMMISSION
   —EXTENT OF RIGHT OF APPEAL.

   Firemen who were discharged by order of a municipal civil service commission *held,* not entitled to an appeal from the order made by such commission to the circuit court as a matter of right as the appeal given by statute is an appeal in the nature of certiorari which issues only in the sound discretion of the court (Act No. 78, § 14, Pub. Acts 1935).

6. APPEAL AND ERROR—LEAVE TO APPEAL—CIVIL SERVICE COMMIS-
   SION—CIRCUIT COURTS.

   Appeal from municipal civil service commission to circuit court was properly dismissed where no leave to appeal from the commission's order was first obtained from the circuit court (Act No. 78, § 14, Pub. Acts 1935).

7. COSTS—PUBLIC QUESTION—RIGHT OF APPEAL.

　　No costs are allowed on review of dismissal of appeal from municipal civil service commission to a circuit court requiring a determination of the nature and scope of appeal permissible under a statute and the Constitution, a public question being involved (Const. 1908, art. 4, § 2, art. 7, § 10; Act No. 78, § 14, Pub. Acts 1935).

Appeal from Wayne; Ferguson (Homer), J. Submitted January 11, 1938. (Docket No. 91, Calendar No. 39,741.) Decided May 4, 1938. Amended opinion filed June 30, 1938.

Removal proceeding against Harold Fredericks and Herbert Brand, fire department employees, before the City of Highland Park Civil Service Commission. Judgment of dismissal. Petitioners appealed to circuit court. Appeal dismissed. Petitioners appeal. Affirmed.

*Baillie & Cary,* for appellants.

*Matthew H. Bishop,* for appellees.

CHANDLER, J. Appellants were employees of the fire department of the city of Highland Park. Charges of incompetency and misconduct were preferred against them in conformity with the charter provisions and following hearing before the police and fire commission they were dismissed. The city had adopted the provisions of Act No. 78, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 2730–1 *et seq.*, Stat. Ann. § 5.3351 *et seq.*), and in pursuance thereof written charges and answers thereto were filed with the civil service commission, which, after hearing thereon, found the dismissals to be justified. Appellants thereupon took an appeal to the circuit court, which was dismissed on the ground that Act No. 78, § 14, Pub. Acts 1935 (Comp. Laws Supp. 1935,

§ 2730–14, Stat. Ann. § 5.3364), in attempting to pro-
vide for an appeal from orders of the civil service
commission to the circuit court, imposed nonjudicial
functions upon the court, and was, therefore, uncon-
stitutional, violating Const. 1908, art. 4, § 2.

Section 14 of the act provides numerous grounds,
any one of which is sufficient, upon which the removal
of an employee may be founded.  The person sought
to be removed is entitled to a written statement of
the charges made against him and, if he so desires,
may demand a public hearing thereon before the civil
service commission, with the further right to *appeal*
to the circuit court from the order of the commission.
Although the act contemplates that formal charges
shall be preferred, a hearing had thereon, and the
decision of the commission to be based upon the testi-
mony so taken, it must be concluded that the commis-
sion functions in a capacity which is essentially ad-
ministrative.  Although partaking of that which is
judicial, its acts are not truly of such a nature, and
are therefore termed quasi-judicial functions.  This
view may appear to be in conflict with the broad lan-
guage of some of the earlier decisions of this court
which held that removal for cause was an exercise of
judicial power.  *Stockwell* v. *White Lake Township
Board,* 22 Mich. 341; *Dullam* v. *Willson,* 53 Mich.
392 (51 Am. Rep. 128) ; *People, ex rel. Clay,* v. *Stuart,*
74 Mich. 411 (16 Am. St. Rep. 644).  Moreover, we
believe the rule to be more correctly expressed in
*Fuller* v. *Attorney General,* 98 Mich. 96 and *State,
ex rel. Hart,* v. *Duluth Common Council,* 53 Minn.
238 (55 N. W. 118, 39 Am. St. Rep. 505), and the act
of removing for cause to be primarily administrative
and, although judicial in a sense, not an act of such
a nature that it requires performance by the judi-
cial branch of the government or permits an appeal
thereto.

A decision of the civil service commission upon a hearing to remove for cause, not being the result of judicial action, but being at the most a quasi-judicial act of an administrative tribunal, is not subject to review by the courts on appeal and an attempt by the legislature to create a right of appeal would fail as an unconstitutional endeavor to foist nonjudicial functions upon the courts. See *City of Aurora* v. *Schoberlein,* 230 Ill. 496 (82 N. E. 960).

However, the foregoing proposition would be inapplicable in the event that the legislature did not intend a review *de novo* by the circuit court but contemplated a review by certiorari and thus expressed its intent by the indiscriminate use of the word *appeal.*

In outlining the procedure on appeal the legislature has provided that the review shall be had on the record as made before the commission, no additional testimony being permitted, which accords with the procedure on review by certiorari. In *Clancy* v. *Milwaukee Board of Fire and Police Com'rs,* 150 Wis. 630 (138 N. W. 109), one Thomas A. Clancy had been removed as chief of the fire department of the city of Milwaukee by the board of fire and police commissioners after trial in accordance with the statute. The statute provided for the institution of an action in the circuit court for the purpose of reviewing such decision, said action to be tried without a jury upon the evidence as returned by the board and the inquiry limited to the question, "Under the evidence was the decision of the board reasonable?" The challenge was made that the provision for review was an attempt to confer nonjudicial functions upon the court. Disposition of the objection was made in these words:

"In substance, this appeal was intended to perform the functions of a writ of certiorari in a case where the writ is directed to a tribunal of this nature, namely to review the evidence to ascertain only whether there was reasonable ground for the decision made. *State, ex rel. N. C. Foster Lumber Co.,* v. *Williams,* 123 Wis. 61 (100 N. W. 1048). It is a method provided by statute by which the power of superintending control which is vested in the circuit courts by the Constitution is to be exercised. The Constitution (article 7, § 8) provides that the circuit courts shall have a supervisory control over all inferior courts and tribunals and shall have power 'to issue writs of habeas corpus, mandamus, injunction, *quo warranto,* certiorari, and all other writs necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions.' While no formal writ issues in the present case and the proceeding is termed an appeal, it accomplishes the same result as though it had been commenced by the issuance of the ancient writ, and there can be no doubt of the legislative power to reach the desired end by procedure termed an appeal as well as by an original common-law writ."

The provision giving circuit courts supervisory control over inferior tribunals in this State is to be found in Const. 1908, art. 7, § 10.

We, therefore, consider the review intended by the legislature as an appeal in the nature of certiorari. The scope of review upon such an appeal is limited to determining if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law. It is not a review *de novo* and therefore appellee's contention that a review would be unconstitutional in that administrative and executive functions would be thrust upon the court is without foundation.

Appellants are not entitled to a review as herein indicated as a matter of right. The writ of certiorari issues only in the sound discretion of the court. Appellants did not obtain leave from the circuit court for review, and affirmance of the order dismissing the appeal consequently follows.

A public question being involved, no costs will be allowed.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.