### LENZ *v.* MAYOR OF DETROIT.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—SETTING ASIDE DISCHARGE.

   The civil service commission of Detroit may set aside a discharge of an employee, where it was made for religious or political reasons or for reasons other than the good of the service (Detroit Charter, title 4, chap 2, §§ 18, 18a).

2. SAME—CIVIL SERVICE COMMISSION—JUDICIAL REVIEW.

   The judicial review of the action of the civil service commission of Detroit is solely by an appeal in the nature of certiorari in which leave must first be obtained.

3. CONSTITUTIONAL LAW—COURTS—CIVIL SERVICE COMMISSION—JUDICIAL REVIEW.

   The supervisory control of the circuit court over inferior tribunals is not a trial *de novo,* since such a trial would be unconstitutional as being the exercise of administrative and executive functions by the court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 8–11] 10 Am Jur, Civil Service §§ 11, 14.

[1, 2, 8–11] Constitutionality and construction, as to nature of review, of statute providing for appeal to or review by court, as regards order of civil service commission.   125 ALR 263.

Power of civil service body on own motion and without notice or hearing to reconsider, modify, vacate, or set aside order relating to dismissal of employee.   16 ALR2d 1126.

[2, 10, 11] 10 Am Jur, Certiorari § 10 *et seq.*

[5, 6] 10 Am Jur, Certiorari § 3.

[8, 9] Generally as to powers of mayors, see 37 Am Jur, Municipal Corporations § 261.

[11] 34 Am Jur, Mandamus §§ 4, 11.

4. CERTIORARI—NATURE OF REVIEW OF ACTION OF ADMINISTRATIVE TRIBUNAL.

A court does not determine administrative policies nor purely administrative questions when reviewing the action of an administrative tribunal on an appeal in the nature of certiorari.

5. SAME—OFFICE OF THE WRIT.

The office of the common-law writ of certiorari is to bring before the court for inspection the record of the proceedings of an inferior tribunal in order that the superior court may determine from the face of the record whether the inferior tribunal has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law.

6. SAME—JURISDICTION.

The principal office of the writ of certiorari is to control the action of an inferior tribunal and to keep it within its jurisdiction.

7. MANDAMUS—PURPOSE OF REMEDY.

The writ of mandamus ought to be used upon all occasions where the law has established no specific remedy and where, in justice and good government, there ought to be one.

8. MUNICIPAL CORPORATIONS—MAYORS—HEARING—DISCHARGE OF AN EMPLOYEE—VETERANS' PREFERENCE ACT.

The mayor of a city is authorized to conduct a hearing and determine whether a discharged employee is guilty of 1 or more grounds set up in the veterans' preference act for removal and if he finds the employee should not have been discharged, he may order his reinstatement (CL 1948, § 35.402 *et seq.*).

9. SAME—MAYORS—EMPLOYEES IN OFFICE OF CITY CLERK.

The mayor of a city has no power to compel reinstatement of an employee in the office of city clerk, such action being by mandamus.

10. SAME—MAYOR—VETERANS' PREFERENCE ACT—CERTIORARI.

A mayor's power to determine the validity of a discharge of a city employee under the veterans' preference act is reviewable solely by an appeal in the nature of certiorari (CL 1948, § 35.402 *et seq.*).

11. SAME—MAYOR—CITY CLERK—CIVIL SERVICE COMMISSION—CERTIORARI—MANDAMUS.

The action of a mayor in failing to order the reinstatement of an employee in the office of the city clerk and in finding that his

discharge by the city clerk and city civil service commission was proper may be reviewed solely by an appeal in the nature of certiorari, mandamus not being the proper remedy to determine the validity of the proceedings had (CL 1948, § 35.402 *et seq.;* Detroit Charter, title 4, chap 2, §§ 18, 18a).

12. COSTS—MANDAMUS—REINSTATEMENT OF MUNICIPAL EMPLOYEE. No costs are allowed in mandamus proceedings to compel reinstatement of a city employee, where such writ, issued by the circuit court, is quashed.

Appeal from Wayne; Weideman (Carl M.), J. Submitted November 10, 1953. (Calendar No. 45,-818.) Decided December 29, 1953. Rehearing denied February 18, 1954.

Mandamus by John N. Lenz against Albert E. Cobo, Mayor of the City of Detroit, to compel his reinstatement as a city employee. Judgment for plaintiff. Defendant appeals. Reversed.

*Craig Thompson,* for plaintiff.

*Paul T. Dwyer,* Corporation Counsel, *Helen W. Miller, G. Edwin Slater* and *Lawrence E. Eaton,* Assistants Corporation Counsel, for defendant.

SHARPE, J. The action in this case involves a review by mandamus of the legality of the discharge of plaintiff, John N. Lenz, by defendant, Albert E. Cobo, mayor of the city of Detroit. Prior to November 11, 1949, plaintiff was an employee of the city of Detroit connected with the office of city clerk. Among plaintiff's duties was assistance to members of the common council in handling minor matters for them as well as relieving superiors of ordinary office details.

On November 14, 1949, plaintiff received the following notice:

"CITY OF DETROIT
Department of City Clerk

"November 14, 1949

"NOTICE OF DISCHARGE

*"To John Lenz:*
"You are hereby notified that you are discharged from your position of legislative clerk which you now hold in this department, effective November 11, 1949, for the following reasons: Insubordination, conduct unbecoming a city employee, threatened intimidation of employer, misuse of council office, and fraudulent use of council stationery.

"Department of City Clerk
By /s/ Ernest Jones
Deputy City Clerk"

On December 14, 1949, plaintiff sent a letter to the then mayor of the city of Detroit requesting a hearing under the veterans' preference act, CL 1948, § 35.402 *et seq.* (Stat Ann § 4.1222 *et seq.*). The letter reads as follows:

"12661 Tuller Ave.,
Detroit 4, Michigan
"December 14, 1949

"Honorable Eugene I. Van Antwerp,
Mayor, City of Detroit,
Detroit 26, Michigan.

*"Dear Mayor:*
"I would greatly appreciate an early hearing before the holidays, under the veterans' preference act, which would require Mr. Jones or Mr. Leadbetter to prove that I as legislative clerk have been guilty of:
"Official misconduct.
Habitual, serious or wilful neglect in the performance of duty.
Extortion.
Conviction of intoxication.
Conviction of felony.

Incompetency.

"Which they cannot do.

"As you know by a recent Supreme Court decision the civil service commission cannot go into the facts, nor weigh them, nor pass upon their flimsiness (See [*Martin* v. *Civil Service Commission of the City of Detroit*], 313 Mich 639), as you will be able to do.

"Sincerely yours,
/s/ JOHN N. LENZ
John N. Lenz"

The above letter was replied to as follows:

"January 5, 1950

"Mr. John W. Lenz,
12661 Tuller Ave.,
Detroit 4, Mich.

"Re:  Formal notice of hearing, before the
    mayor, Under the veterans preference act.
*"Dear Sir:*

"You are hereby notified that in accordance with the provisions of the veterans' preference act, you will be granted a hearing on the matter of your discharge from the office of the city clerk, in my office, 102 City Hall on Friday, January 27 at 10:15 a.m.

"At this time you will be expected to be present and may present such facts in your defense and may be represented by such counsel in your behalf as you may desire.

"The reasons charged for your dismissal are: Serious and wilful neglect in the performance of duty and incompetency.

"You are hereby further notified that as a condition precedent to this hearing, the city of Detroit will insist upon proof that you are an honorably discharged veteran within the meaning of the veterans' preference act.  Therefore, please bring with you for this purpose your honorable discharge.

"Very truly yours,
"ALBERT E. COBO,
Mayor."

On January 17, 1950, a detailed list of charges was mailed to plaintiff's counsel:

"City of Detroit

Office of the Corporation Counsel

"January 17, 1950

"Mr. E. C. Ide,
Attorney at Law,
1703–1705 National Bank Building,
Detroit 26, Michigan.

"Re: Formal hearing of John N. Lenz
Under veterans' preference act.

"*Dear Sir:*

"In your letter of January 9, 1950, addressed to the mayor, you request more detailed particulars of the charges of 'serious and wilful neglect in the performance of duty and incompetency' in advance of the hearing.

"Please be advised that in support of the above mentioned charges, the city clerk will insist that Mr. Lenz was duly notified of his discharge on November 11, 1949, for reasons of 'Insubordination, conduct unbecoming a city employee, threatened intimidation of employer, misuse of council office and fraudulent use of council stationery,' which charges were upheld by the civil service commission on December 12, 1949.

"The city clerk will further insist that the said John N. Lenz is guilty of serious and wilful neglect in the performance of duty and incompetency as follows: In that

"1. The said John Lenz is an unsuitable unfit person to be retained in the service of the city, because of his inability to cooperate with his employer or his fellow employees.

"2. The said John Lenz is not amenable to discipline and has constantly resented the position which he has filled by waging a steady and unreasonable campaign to have his salary increased and to compel the city clerk so to do by a requested survey by the

civil service commission, which was denied on or about July 18, 1949.

"3. The said John Lenz did approach several members of the common council to set up its own separate payroll where he would not be under the supervision of the city clerk.

"4. The said John Lenz did accumulate a private file while in the employment of the city clerk since the year 1941 for the avowed purpose of reflecting upon the honesty and integrity of his superior, which would bring the city into public suspicion, contempt and ridicule, and did threaten to publish the same with the intent of intimidating his superior.

"5. The services of the said John Lenz as legislative clerk were negligently performed and in some instances his conduct was positively unsatisfactory to members of the common council.

"6. The said John Lenz has fraudulently used council stationery to transact his private business and has fraudulently represented himself as 'secretary of the Detroit common council' and 'secretary to the city councilmen of Detroit.'

"7. That on or about August 16, 1949, the said John Lenz wrongfully took a letter out of the private file of Mr. Edgecomb and made a copy of the same and sent it to Mr. Willis Hall of the Detroit board of commerce.

"8. The said John Lenz has openly resented a resolution of the common council of November 15, 1949, J.C.C. pages 3438-3439, substituting 2 positions of senior stenographer for the positions of legislative clerk, and did take this matter to the police department as a basis for charges of misconduct against the city clerk.

"9. That the said John Lenz has sought publicly to criticize and humiliate the city clerk, his superior officer, by unwarranted statements for publication by radio and newspapers, and by causing to be submitted to the common council a list of unwarranted statements for the purpose of casting distrust, suspicion, contempt and ridicule upon the city

clerk and contrary to the best interests of the city of Detroit.

"In regard to your request for reinstatement in advance of the hearing as already set, please be advised that no such proceeding is authorized by the veterans' preference act. Any objections you have to the form of the charges may be raised at the hearing.

"Very truly yours,

JULIAN P. RODGERS,

Assistant Corporation

Counsel."

On January 27, 1950, the hearing was held before the mayor. Plaintiff was present at the hearing, was represented by counsel, and participated in the proceedings. On February 6, 1950, plaintiff received the following from the mayor:

"February 6, 1950

"Mr. John Lenz,
c/o Mr. E. C. Ide, Attorney,
1703–1705 National Bank Bldg.,
Detroit 26, Michigan.

*"Dear Sir:*

"After full and due consideration of all the facts submitted at the hearing granted you before me on January 27, 1950, in accordance with the provisions of the veterans' preference act, you are hereby advised of my decision.

"I find as a matter of fact that you did, while an employee of the city clerk, take militant action without regard to the recommendation of your employer, to change your classification and secure an increase in your salary. That you did, while so employed, collect facts in regard to the administration of the city clerk's office, and did attempt to use such facts to embarrass and discredit your employer. That you did use official stationery of the common council and assume the title of 'secretary of the common council' for your personal benefit and prestige.

"It is my decision that you are guilty as charged and it is, therefore, my order that you be discharged as a city employee in accordance with the recommendations of the city clerk and the civil service commission.

"May I assure you that I reluctantly reached this decision but on the basis of the testimony offered, I could not do otherwise.

"It is always regrettable that a man has to leave the city service after such a long period and I sincerely hope that you may find a vocation in which you will be happy.

> "Very truly yours,
> ALBERT E. COBO,
> Mayor."

On February 5, 1951, plaintiff filed a petition in the circuit court of Wayne county, citing Albert E. Cobo as mayor of the city of Detroit as defendant, and asking for a writ of mandamus to reinstate plaintiff. The petition alleges that the hearing was illegal for the following reasons:

"A. Your petitioner had been discharged before the hearing took place, and that was petitioner's status at the time of the said hearing.

"B. Said hearing was not held within 30 days of receipt of your petitioner's protest in writing to the said defendant, as required by said statute.

"C. On the record, petitioner was not permitted to defend himself against the charges set forth to him in writing under date of January 5, 1950; was not permitted to challenge or cross-examine hostile witnesses; was not permitted to set forth testimony of witnesses to refute said charges.

"D. Albert E. Cobo, said defendant, did not permit petitioner to enter a full and complete defense as to any charges, and permitted no defense at all to the charges, excepting only as to alleged collecting of facts embarrassing to the city clerk; and as to that charge, he permitted no adequate defense.

"E. Said hearing was concluded by the said defendant without conclusive proof, or a preponderance of testimony, on any of the charges."

Defendant filed an answer to plaintiff's petition in which there is a denial of the claims made in plaintiff's petition. The cause came on for trial, and at its conclusion the trial court held that mandamus was a proper remedy; that laches had not barred the action, and that the hearing conducted by the mayor was not the full hearing required by the veterans' preference act. On January 28, 1953, a judgment for writ of mandamus was entered directing defendant to reinstate plaintiff to his former employment. Upon application, we granted defendant leave to appeal.

Defendant urges that the trial court was without jurisdiction to review the discharge of a city employee by means of mandamus rather than certiorari. Defendant relies on *Goodfellow* v. *Detroit Civil Service Commission*, 312 Mich 226; *Bischoff* v. *County of Wayne*, 320 Mich 376; and *Dyson* v. *City of Detroit*, 333 Mich 116. In the *Goodfellow Case, supra*, a bill of complaint was filed in the circuit court in chancery against the civil service commission of the city of Detroit and the department of street railways to set aside the action of the civil service commission and for the purpose of directing the civil service commission and the department of street railways to reinstate or reemploy the plaintiffs. A motion was made and granted to dismiss the bill for want of equity. In an opinion we said:

"We quote from the opinion of the trial court as follows:

" 'Under the city charter an employee who is discharged by a department head has a right of appeal, upon written request within 10 days, to the civil service commission (Charter, title 4, chap 2, §§ 18, 18a). The civil service commission can set aside the

discharge for 3 reasons only: If it was for religious or political reasons or reasons other than the good of the service. If the civil service commission denies his protest or appeal, his next step is to the circuit court by appeal in the nature of certiorari. The Constitution (1908), art 7, § 10, gives the circuit courts supervisory control over inferior tribunals. But the Supreme Court has pointed out that this control does not mean a trial *de novo,* since such a trial would be unconstitutional as thrusting upon the courts administrative and executive functions. So the court has held that the review is by appeal in the nature of certiorari for which leave must first be obtained. *In re Fredericks,* 285 Mich 262, 267 (125 ALR 259).'
\* \* \*

"The trial court in the instant case was correct in holding that the review of the action of the civil service commission of the city of Detroit is by appeal in the nature of certiorari, in which appeal we do not determine administrative policies, nor purely administrative questions. The bill of complaint in the instant case petitioned the court to determine administrative matters, which bill of complaint was properly dismissed."

In the *Bischoff Case, supra,* plaintiff sought by mandamus to compel the county of Wayne and the civil service commission of Wayne county to reclassify him to a higher position. We there said, p 393:

"In the instant case the circuit judge sought by hearing *de novo* to substitute his judgment for that of the civil service commission in the discharge of one of its administrative functions. In attempting to do so he acted without jurisdiction. The courts cannot supplant or function as civil service commissions.

"From our review in the above matter it is not to be inferred that under the circumstances of the instant case mandamus was a proper remedy. The method of our review has been prompted by reason of the fact that defendants did not in the circuit

court challenge plaintiff's right to seek relief by mandamus. That issue was not presented to the trial judge. But it is strenuously urged by defendants in this Court; and it may be urged here for the first time because it presents a matter of jurisdiction. *Warner* v. *Noble,* 286 Mich 654; *Township of Warren* v. *Raymond,* 291 Mich 426. Whether under other circumstances, presenting a different type of issue, mandamus would be a proper remedy, need not be and is not decided herein. However, so that an erroneous inference may not arise from our present opinion, we note, and we trust with finality, that under the record in the instant case wherein the commission acted in the exercise of its vested powers, the sole remedy available to plaintiff was certiorari. A summary disposition of this appeal might have been made on that ground. See *In re Fredericks,* 285 Mich 262 (125 ALR 259) ; *Goodfellow* v. *Civil Service Commission,* 312 Mich 226."

In the *Dyson Case, supra,* plaintiff filed a bill of complaint against the city of Detroit and its civil service commission for the purpose of having a decree to the effect that defendant was without authority to order plaintiff to discontinue working for the city of Detroit. The trial court dismissed the bill on the ground that plaintiff's only remedy was by way of certiorari. Upon appeal we said:

" 'The office of the common-law writ of certiorari is to bring before the court for inspection the record of the proceedings of an inferior tribunal in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law.' 10 Am Jur, p 524, § 3.

" 'The principal office of the writ [of certiorari] is to control the action of an inferior tribunal and to keep it within its jurisdiction.' 14 CJS, p 122, § 2a.

" 'The writ is also used, in many jurisdictions, to review not only proceedings of inferior courts but also proceedings of inferior officers, boards, and tribunals exercising judicial or quasi-judicial functions.' 14 CJS, p 122, § 1.

"See, also, *In re Fredericks,* 285 Mich 262 (125 ALR 259); *Public Welfare Commission of Detroit* v. *Civil Service Commission of Detroit,* 289 Mich 101, 107; *Goodfellow* v. *Civil Service Commission,* 312 Mich 226; *Bischoff* v. *County of Wayne,* 320 Mich 376.

"Plaintiff's complaint against defendant is over administrative actions. Plaintiff's remedy, if any, is by certiorari. It is not for the chancery court to review *de novo* defendant's administrative determinations. See *In re Fredericks, supra.*"

Plaintiff urges that his action for mandamus is based upon the statute known as the veterans' preference act, CL 1948, § 35.402 *et seq.* (Stat Ann § 4.1222 *et seq.*) and relies upon *Fawcett* v. *Department of Labor and Industry,* 282 Mich 489, 494, where we said:

"It is also fundamental that the writ of mandamus 'ought to be used upon all occasions where the law has established no specific remedy, and where, in justice and good government, there ought to be one.' * * * *People, ex rel. Township of LaGrange,* v. *State Treasurer,* 24 Mich 468."

Plaintiff urges that a hearing in certiorari would have resulted at most in quashing the 2 orders of dismissal, leaving plaintiff still lacking the needed affirmative relief of reinstatement. Under the act the mayor is authorized to conduct a hearing and determine whether the discharged employee is guilty of 1 or more grounds set up in the statute for removal. If the mayor finds that the discharged employee should not have been discharged he may order his reinstatement, as was done by the governor

in *O'Donnell* v. *Liquor Control Commission*, 288 Mich 377. The mayor has no power to compel reinstatement of an employee in the office of city clerk. Such action would be by mandamus, as was done in the *O'Donnell Case, supra*. It necessarily follows that the purpose of an appeal from the action of the mayor is to review the action taken and determine its legality. This may be accomplished by certiorari. Under the record in this case where the mayor acted by virtue of the power granted under the veterans' preference act, the sole remedy available to plaintiff was certiorari.

Other issues raised need not be determined on this appeal. The writ of mandamus issued by the circuit court is quashed and the case dismissed, without costs.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.