# JUNE TERM, 1960.

*In re* MOSBY.

MOSBY *v.* WAYNE COUNTY CIVIL SERVICE COMMISSION.

1. STATUTES—LEGISLATURE—CONSTRUCTION.
    The clear language of a statute may be varied only by the legislature as a court must apply the law as the court finds it.

2. COUNTIES—CIVIL SERVICE—PAYMENT OF SALARY.
    Provision of county civil service act that "under no condition shall the employee be removed * * * until such finding and decision of the [civil service] commission shall be so certified" required that an employee should be paid until the commission certifies its decision to the appointing authority (CL 1948, § 38.416).

3. SAME—CIVIL SERVICE—REMOVAL OF EMPLOYEE.
    Provision of county civil service commission rule stating that removal "charges may be based upon causes other than those herein enumerated" preceding a list of 17 reasons relating to misconduct in employment did not, by enumeration of specific causes, nullify express reservation of power to remove an employee for other causes constituting a sufficient reason for removal (CL 1948, § 38.416).

4. SAME—REMOVAL OF CLASSIFIED EMPLOYEE—FALSIFICATION OF APPLICATION.
    Action taken pursuant to county civil service act to remove an employee of the county morgue from the classified service because of failure to disclose on application he had been convicted of a felony *held,* within the express reservation of power to remove an employee for cause not specifically enumerated, power subject to judicial review by certiorari (CL 1948, § 38.416).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 219.
[2] 10 Am Jur, Civil Service § 17.
[3, 4] 10 Am Jur, Civil Service § 11.
[5] 50 Am Jur, Statutes § 250.
[6] 14 Am Jur, Costs § 98.

(186)

5. SAME—CIVIL SERVICE COMMISSION—CONSTRUCTION OF RULE—
EJUSDEM GENERIS.

> The rule of *ejusdem generis held,* inapplicable to prefatory words
> of county civil service commission rule reserving power in the
> commission to remove a classified employee for causes other
> than those thereafter specifically enumerated, where there was
> no intent evident in the language of the rule to limit the
> general words used, to restrict the application of the rule
> would defeat the purpose of the rule, and the legislature gave
> the commission power to remove an employee for cause (CL
> 1948, § 38.416).

6. COSTS—COUNTIES—CIVIL SERVICE COMMISSION—MODIFICATION OF
ORDER—REMOVAL OF EMPLOYEE—PAYMENT OF SALARY.

> Costs are granted appellant, an employee who had been removed
> from classified position by county civil service commission,
> where modification of order of removal is made to allow re-
> covery of pay until date of severance from employment by
> civil service commission's order certifying affirmance of ap-
> pointing authority's order of removal after hearing (CL 1948,
> § 38.416).

Appeal from Wayne; Fitzgerald (Neal), J. Sub-
mitted January 12, 1960. (Docket No. 46, Calendar
No. 48,211.) Decided June 7, 1960.

In the matter of the appeal of Pierce H. Mosby
in the nature of certiorari to the Wayne County Civil
Service Commission from order removing him from
employment, judgment was entered upholding com-
mission's order. Plaintiff appeals. Affirmed in part
and reversed in part.

*Arthur L. Robbins,* for plaintiff.

*Samuel H. Olsen,* Prosecuting Attorney, *Hobart
Taylor, Jr.,* and *Aloysius J. Suchy,* Assistant Prose-
cuting Attorneys, for defendant commission.

SOURIS, J. Pierce H. Mosby was an employee of
the Wayne county morgue. On June 28, 1957, he
was removed from his position by written order of
the county medical examiner because, almost 10
years earlier, he had falsified his application for em-
ployment by failing to disclose that he had been

convicted of a felony and because of his previous conviction of a felony. Mr. Mosby appealed to the county civil service commission pursuant to section 16 of PA 1941, No 370 (CL 1948, § 38.416 [Stat Ann 1959 Cum Supp § 5.1191 (16)]). He claimed: (1) that section 16 of the act barred the medical examiner from removing him from his position, and thereby depriving him of his pay, prior to certification by the civil service commission of the medical examiner's removal order, and (2) that, in any event and for a number of reasons, Mr. Mosby's falsification of his employment application did not constitute grounds for removal.

On March 14, 1958, the commission ruled against Mr. Mosby on both claims, following extended hearings thereon, and affirmed his removal by the examiner but solely on the ground Mr. Mosby had falsified his employment application by failure to disclose thereon a prior felony conviction. Mr. Mosby thereupon appealed by certiorari to the Wayne circuit court, which affirmed the commission's action.

Appellant's salary claim before the commission, the trial court, and this Court may be rephrased as follows: Whether or not my removal was legally justified, under section 16 of the act I was entitled to be kept on the job (or at the very least, that my salary be continued) until March 14, 1958, when the commission certified its affirmance of the removal order to the medical examiner after hearing. The commission contends that such an interpretation of section 16 would be absurd because it would compel the county to retain an employee, no matter how patent or gross his malefactions might be, until the civil service commission's decision was certified after the employee was given a full and complete hearing or, in the alternative, if the employee were barred from employment, he must be paid during the period notwithstanding the fact that no services would be rendered by him. The commission claims

that logic dictates an interpretation of section 16 which will permit immediate removal from employment by the appointing authority and which will require payment of salary from the time of such removal to the date of certification of the commission's decision only in the event that the commission reverses the order of removal. Logic may dictate such a procedure in the interests of orderly processes of government, but our reading of section 16 discloses no ambiguity or uncertainty in the language chosen by the legislature to dictate a contrary procedure. Section 16, with emphasis added, provides:

"Any officer or employee in the classified civil service may be removed, suspended, or reduced in rank or compensation by the appointing authority, after appointment or promotion is complete, by an order in writing, stating specifically the reasons therefor. Said order shall be filed with the civil service commission and a copy thereof shall be furnished to the person to be removed, suspended, or reduced. Such employee may reply in writing to said order within 5 days from the date of filing said order with the civil service commission. Any person removed, suspended, or reduced in rank or compensation, may within 10 days after presentation to him of the order of removal, suspension, or reduction as hereinabove provided, appeal to the civil service commission from such order. The commission shall within 2 weeks from the filing of said appeal, commence the hearing thereon, and shall thereupon fully hear and determine the matter, and either affirm, modify or revoke such order. The appellant shall be entitled to appear personally, produce evidence, and to have counsel and a public hearing. The finding and decision of the commission shall be certified to the official from whose order the appeal is taken, and shall forthwith be enforced and followed by him, *but under no condition shall the employee be removed,*

*suspended, or reduced in rank until such finding and decision of the commission shall be so certified."*

Had the italicized words been omitted by the legislature, the commission's position would be unassailable. But the legislature, perhaps in the interest of securing county employees in their classified positions with salary until after full and complete hearing before the commission, added the words, "but *under no condition* shall the employee be removed, suspended, or reduced in rank until such finding and decision of the commission shall be so certified." If the clear language of the statute is to be varied, it must be done by the legislature, for our duty is to apply the law as we find it. *Jones v. Grand Ledge Public Schools,* 349 Mich 1, 11. Accordingly, the trial court should have modified the commission's decision to provide for the payment of salary to appellant from June 28, 1957, to March 14, 1958.

Appellant next contends, however, that the trial court erred in its finding that his removal for falsification of his employment application was legally justified. Section 16 permits removal of an employee in the classified civil service by an order in writing, "stating specifically the reasons therefor." The Wayne county civil service commission adopted rules and regulations, including one governing suspensions, demotions, and removals. The rule lists 17 specific causes justifying such action, but the following language prefaces such enumeration:

"The following are declared to be causes for suspension, demotion or removal of any employee in the classified civil service, *though charges may be based upon causes other than those herein enumerated."* (Emphasis added.)

Appellant characterizes the italicized language of the rule as an "omnibus clause" and claims that it

renders nugatory the list of specific causes for disciplinary action, that it reserves to the commission unfettered power to discharge for whatever reasons it deems sufficient, and that it makes the rule a delusion and a snare. In short, he contends that the omnibus clause empowers the commission to act arbitrarily. He also claims that even if it be assumed that he may be discharged for a cause not specifically enumerated in the rule, such unenumerated cause must, by force of the principle of *ejusdem generis,* relate to misconduct in employment because all 17 of the specifically listed causes for discharge do relate to misconduct in employment.

Appellant does not contend that his falsification of his employment application would not have been legally sufficient reason for discharge under section 16 of the act had the commission not adopted the rule enumerating causes for disciplinary action. Nor does he contend that *his* discharge for the stated reason was arbitrary or capricious. The true force of his contention is that by adoption of the rule, the commission thereby limited the reasons for disciplinary action it would recognize as justifying such action and that the addition of the omnibus clause was either a legal nullity or was itself limited by the nature of the specifically listed reasons for disciplinary action.

The commission contends, and we agree, that had its rule simply provided that an employee may be suspended, demoted, or removed for cause, without enumerating any specific causes therefor, the rule would have been valid within the meaning of section 16 of the act. Action taken pursuant to such a rule would be subject, of course, to judicial review by certiorari. *In re Fredericks,* 285 Mich 262 (125 ALR 259), and *Bischoff* v. *County of Wayne,* 320 Mich 376.

No authorities are cited to us, nor can we find any, to support appellant's claim that the enumeration of specific causes for disciplinary action nullifies the express reservation of power contained in the so-called omnibus clause. There remains for decision only the applicability of the doctrine of *ejusdem generis* to the facts of this case.

We are familiar with the doctrine as it is applied to general language such as "other," "other thing," "other persons," "others," "otherwise," or "any other," when preceded by a specific enumeration of subjects of a single kind, class, character, or nature. 50 Am Jur, Statutes, § 249. Appellant contends that the rule applies here and that the language "though charges may be based upon causes other than those herein enumerated," when followed by the specific enumeration of subjects, is equivalent to such words as "other," "other thing," "others," et cetera, when preceded by a specific enumeration of subjects. For reasons other than the obvious juxtaposition of the general words and the specific words in the commission's rule, we do not believe that the rule of *ejusdem generis* is here applicable. The rule of *ejusdem generis* is not to be invoked in every case where general words follow (or possibly precede) specific words. For example, it applies only where the specific words relate to subjects of a single kind, class, character, or nature, as noted above. In all events, the rule is useful only for the purpose of aiding the judicial search for the sometimes elusive scrivener's intent. Where the language used, considered in its entirety, discloses no purpose of limiting the general words used, the rule of *ejusdem generis* may not be invoked to defeat or limit the purpose of the enactment. *People* v. *O'Hara,* 278 Mich 281, and *Utica State Savings Bank* v. *Village of Oak Park,* 279 Mich 568. Even assuming that the 17 specifically enumerated causes for disciplinary action contained in the com-

mission's rule relate to "misconduct in employment," as appellant contends, we find no reason to believe the commission intended to thereby limit the power to suspend, demote, or remove. The contrary intent is evident from the language of the omnibus clause, language which reserves to the appointing authority powers granted by the legislature.

For reasons stated at the beginning of this opinion, the circuit court's judgment should have remanded this cause to the Wayne county civil service commission for the entry of an appropriate order modifying the medical examiner's order of removal so as to provide reinstatement of appellant with pay for the period from June 28, 1957, through March 14, 1958. To that extent the judgment of the circuit court is reversed. In all other respects the circuit court's judgment is affirmed. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.