DE GRAAF v CITY OF ALLEGAN

Docket No. 78-2201. Submitted February 7, 1979, at Grand Rapids.—
Decided July 10, 1979.

Plaintiff, Garry De Graaf, worked as a part-time police officer for the City of Allegan in 1975. He resigned after two weeks. In 1976, he was hired by the chief of police to fill in for regular officers on vacation and disciplinary lay-off and worked during September and October. In October the city began a police reserve system under which part-time employees were paid $3 an hour. Plaintiff worked under this system until the end of November, 1976.

After the last day of employment, he requested and was granted a veterans preference hearing. The city council determined that the plaintiff was not entitled to the protection of the veterans benefit act because he was a part-time employee.

The plaintiff sought review of the decision by filing a complaint for a writ of mandamus in circuit court. The circuit court considered mandamus as an inappropriate action and treated the pleading as a complaint for superintending control. The Allegan Circuit Court, George R. Corsiglia, J., determined that the plaintiff had not been fired, but rather, had voluntarily quit. The court then determined that veterans who voluntarily left their employment had no rights under the act and dismissed the case. The plaintiff appeals. *Held:*

1. A veteran who has voluntarily quit his job is not entitled to a hearing under the act.

2. The court acted properly in reserving unto itself the determination of whether the act applied to the defendant in this instance. Both the question of whether the act applies to a

REFERENCES FOR POINTS IN HEADNOTES
[1] 77 Am Jur 2d, Veterans § 117.
[2] 77 Am Jur 2d, Veterans § 28.
[3] 4 Am Jur 2d, Appeal and Error § 76.
  5 Am Jur 2d, Appeal and Error § 839.
  Formal requirements of judgment or order as regards appealability. 73 ALR2d 250.

veteran who voluntarily leaves his job and the question of whether the plaintiff here did so are judicial questions.

3. The trial court's determination that the plaintiff had voluntarily quit his job is not clearly erroneous.

Affirmed.

1. STATUTES — VETERANS — VETERANS PREFERENCE ACT — VOLUNTARY TERMINATION OF EMPLOYMENT — HEARINGS.

An involuntary termination of a veteran's employment is necessary before the veteran may invoke the protections afforded by the veterans preference act; a veteran who voluntarily quits his employment is not entitled to a hearing under the act (MCL 35.402; MSA 4.1222).

2. STATUTES — VETERANS — VETERANS PREFERENCE ACT — VOLUNTARY TERMINATION OF EMPLOYMENT — JUDICIAL QUESTIONS.

The question whether the veterans preference act applies to a veteran who voluntarily, leaves his job and the question whether, in a specific instance, a veteran voluntarily left his job are both judicial questions.

3. APPEAL AND ERROR — FINDINGS OF FACT — BENCH TRIAL — COURT RULES.

The findings of fact in an action tried without a jury are not to be set aside on appeal unless clearly erroneous (GCR 1963, 517.1).

*Donald H. Hann,* for plaintiff.

*Jacobs & Ward,* for defendant.

Before: D. F. WALSH, P.J., and J. H. GILLIS and T. M. BURNS, JJ.

T. M. BURNS, J. The questions in this case relate to the circuit court's role in a suit involving an alleged violation of the veterans preference act. MCL 35.401 *et seq.;* MSA 4.1221 *et seq.*

Plaintiff worked as a part-time police officer for defendant in 1975. He resigned after two weeks. In August of 1976, the chief of police again contacted plaintiff to fill in for regular officers on vacation and disciplinary lay-off. Plaintiff worked from September to October, being paid the hourly rate for

new officers. In October the city began a police reserve system under which the part-time employees were paid $3 an hour. Plaintiff worked under this system until the end of November.

After his last day of work, plaintiff requested and was granted a veterans preference hearing. The city council determined that plaintiff was not entitled to the protection of the act because he was a part-time employee. At that point no issue had been raised over whether plaintiff had been fired or quit because the police chief who had employed plaintiff had also left office.

Plaintiff sought review of the hearing body's decision by filing a complaint for a writ of mandamus in the circuit court. The circuit court considered a mandamus action inappropriate, *Lenz v Mayor of Detroit,* 338 Mich 383, 396; 61 NW2d 587 (1953), but treated the pleading as a complaint to seek superintending control. The circuit court indicated that before review of the veterans preference hearing was possible, it was first necessary to determine whether plaintiff had been entitled to a hearing. Testimony was taken and the circuit court found that plaintiff had not been fired, but rather, had voluntarily quit. The court then determined that veterans who voluntarily left their employment had no rights under the act and dismissed the case.

On the record as developed there are three questions. First, is an individual who voluntarily leaves a position with a public employer entitled to a veterans preference hearing if he changes his mind and wants his position back? Second, is the circuit court limited to the record made before the hearing body or can it take evidence and make findings of fact concerning the circumstances surrounding the termination of employment and,

thus, whether plaintiff was entitled to a hearing in the first place? And, finally, was the circuit court's conclusion in this case that plaintiff voluntarily quit clearly erroneous?

The first question has never been asked in this state for obvious reasons. If an individual quits his job he generally wouldn't be interested in a hearing to determine whether he could have been fired. However, the answer is clearly implied in the statute. MCL 35.402; MSA 4.1222 provides in relevant part:

"No veteran * * * holding an office or employment in any public department or public works of the state or any county, city or township or village of the state, * * * shall be removed or suspended, or shall, without his consent, be transferred from such office or employment except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; and such veteran shall not be removed, transferred or suspended for any cause above enumerated from any office or employment, except after a full hearing before the governor of the state if a state employee, or before the prosecuting attorney if a county employee, or before the mayor of any city or the president of any village, or before the commission of any such city or village operating under a commission form of government, if an employee of a city or village, or before the township board if a township employee, and at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges."

From the language used it is implicit that a veteran who quits his employment is not entitled to a hearing under this section. An involuntary termination is necessary to invoke the protections afforded by the act. If plaintiff quit his job he was not entitled to a hearing under the act.

The second question is more difficult. In the more typical case, review would be of the record in the nature of certiorari,[1] to determine whether the decision of the authority which held the veterans preference hearing was supported by competent, material and substantial evidence. See, *e.g., Smith v Mayor of the City of Ecorse,* 81 Mich App 601; 265 NW2d 766 (1978). The question in this case isn't whether the determination at the hearing was correct, but whether plaintiff was entitled to a hearing at all. The fact that a hearing has been held does not affect this inquiry.

In *Owen v Detroit,* 259 Mich 176; 242 NW 878 (1932), plaintiff's position with the city was abolished for reasons of economy. Plaintiff did not seek a hearing before the mayor but instead brought suit in circuit court in the nature of mandamus to compel reinstatement. The Court held that the statute did not prevent the city from abolishing a veteran's job if it was done in good faith and not as a subterfuge to avoid the veterans preference. The Court concluded:

"It is contended, however, that determination of the question of good faith in abolishing the position was exclusively for the mayor. It may be conceded that, in passing upon whether a removal is for cause, the mayor may inquire into the good faith of the discharge. But if the position is legally abolished, the statute does not apply, and the employee has no right to a hearing, nor the mayor power to grant one. Whether the statute applies to a situation necessarily must be a judicial question." 259 Mich at 178.

The same reasoning applies here. The questions of whether the act applies to a veteran who volun-

---

[1] The writ of certiorari has been superseded by superintending control. GCR 1963, 711.3.

tarily leaves his job and whether the plaintiff here did so are judicial questions. There is nothing to prevent the circuit court from determining whether the act applies to the facts as it finds them. It is only where the act is found to apply that the court would be limited to a review function and thus the record made in the administrative setting. The court did not err in reserving unto itself the determination of the act's applicability, the question being a purely judicial one.

The final question is the soundness of the court's conclusion that plaintiff had voluntarily quit his job. Under the view of the case taken above, the finding of fact must be reviewed under GCR 517.1. Our consideration of the testimony and the trial court's findings based on that testimony[2] does not leave us with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of*

[2] The trial court's concise findings of fact and conclusions of law were stated at the end of the hearing in circuit court:

"Mr. Brandt has testified to the best of his recollection that Mr. DeGraaf was taken off the schedule because he indicated to Mr. Brandt he no longer wanted to work for the City of Allegan at $3.00 an hour, and I believe that testimony.

"Therefore, it's this court's conclusion and opinion that Mr. De-Graaf terminated his employment. It seems that maybe he changed his mind later, but I think once that termination was made and he told that to Mr. Brandt and Mr. Brandt took steps to replace him, that he can't later change his mind, and that appears to this court what he did, he just changed his mind.

"There isn't any evidence whatsoever to show that Mr. Brandt took his name off the schedule for any reason but the fact that Mr. DeGraaf said he no longer wanted to work for the City of Allegan at $3.00 an hour. Everything is consistent with that, and therefore, since this Court finds that he did in fact terminate his employment and it would appear he changed his mind later, but the City acted on what he told them. They took his name off the schedule, he didn't contest it; and it was after his name was taken off the schedule and apparently after he was told to turn in his uniform, that he sent his letter to the City requesting the hearing under the Veterans Preference Act.

"In this court's opinion, the City doesn't have any duty or obligation to give him that hearing because he terminated his employment and they accepted it and that was the end of it."

*State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

Affirmed. No costs, construction of a statute being involved.