BAJIS v CITY OF DEARBORN

Docket No. 83136. Submitted October 17, 1985, at Detroit. Decided
May 6, 1986. Leave to appeal applied for.

Plaintiff, William J. Bajis, was employed as a firefighter on
probationary status by the fire department of defendant, City of
Dearborn. Following his discharge for misuse of city equipment
in placing harassing and obscene telephone calls while on duty,
plaintiff filed a grievance pursuant to the collective bargaining
agreement and also requested a veteran's preference hearing
under the veteran's preference act. A hearing officer found that
the telephone calls constituted official misconduct and wilful
neglect of plaintiff's duties as a firefighter. The mayor adopted
the hearing officer's recommendation upholding plaintiff's dis-
charge. Plaintiff filed suit in Wayne Circuit Court contending
that the decision upholding his discharge violated the veterans
preference act and the collective bargaining agreement. The
circuit court, John H. Hausner, J., dismissed the counts based
on the collective bargaining agreement for plaintiff's failure to
exhaust contractual remedies. However, the circuit court, with
regard to the veterans preference claim, ruled that there was
insufficient evidence to establish that plaintiff had committed
official misconduct or that plaintiff neglected his duties. Defen-
dant appealed from the circuit court order reinstating plaintiff
to his position. *Held:*

1. Defendant's arguments that plaintiff could not invoke the
protection of the veterans preference act because he had not
demonstrated good moral character or because of his probation-
ary status were found to be without merit by the Court of
Appeals. The requirement of good moral character, as set forth
in a section of the veterans preference act, applies only to
applicants for positions. Once a person is hired, the section does

REFERENCES

Am Jur 2d, Civil Service § 39.

Am Jur 2d, Veterans and Veteran's Laws §§ 24-35, 122-137.

Use of vulgar or profane language as bar to claim for unemploy-
ment compensation. 92 ALR3d 106.

Rights of non-civil service public employees with respect to dis-
charge or dismissal under state veterans' tenure statutes. 58
ALR2d 966.

not apply and does not allow discharge under the act for lack of good moral character. Plaintiff's probationary status is irrelevant. The act applies to any veteran holding an office or employment in any public department or public works of a city, including those on probationary status.

2. The constitution provides that all final decisions, findings, rulings and orders of any administrative officer, which are judicial or quasi-judicial and affect private rights, are subject to review by the courts as provided by law. Such review includes, as a minimum, a determination of whether such final decisions, findings, rulings and orders are authorized by law and, in cases in which a hearing is required, whether they are supported by competent, material and substantial evidence on the whole record.

3. In this case, the facts are undisputed and the appeal only involves a question of law as to the meaning of "official misconduct" and "wilful neglect of duty" as applied to the facts. The Court of Appeals concluded that plaintiff's actions constituted both official misconduct and wilful neglect in the performance of his duties as a firefighter, and held that defendant properly discharged plaintiff from employment.

Reversed.

1. STATUTES — VETERANS PREFERENCE ACT.

The requirement of good moral character, as set forth in a section of the veterans preference act, applies only to applicants for positions; once a veteran is hired, the section does not apply and does not allow discharge under the act for lack of good moral character; the act applies to any veteran holding an office or employment in any public department or public works of a city, including those on probationary status (MCL 35.401, 35.402; MSA 4.1221, 4.1222).

2. STATUTES — VETERANS PREFERENCE ACT.

The veterans preference act provides that no veteran who falls under the act shall be removed or suspended from public employment except for official misconduct, habitual serious or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency (MCL 35.402; MSA 4.1222).

3. STATUTES — VETERANS PREFERENCE ACT — APPEAL — SUPERINTENDING CONTROL.

An appeal from the action of a mayor who acts by virtue of the power granted under the veterans preference act may be pursued by filing a complaint seeking superintending control (MCL 35.402; MSA 4.1222).

4. APPEAL — ADMINISTRATIVE LAW — MAYORAL ADMINISTRATIVE ACTION.

> The Administrative Procedures Act does not apply to a mayor's administrative action; however the constitution requires that all final decisions, findings, rulings and orders of any administrative officer, which are judicial or quasi-judicial and affect private rights, be subject to review by a court; this review is to include, as a minimum, a determination of whether such final decisions, findings, rulings and orders are authorized by law and, in cases in which a hearing is required, whether they are supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 24.201 et seq.; MSA 3.560[101] et seq.).

*G. Daniel Ferrera,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *John A. Entenman, Richard L. Hurford* and *Michael R. Lied*), for defendant.

Before: BRONSON, P.J., and T. M. BURNS AND C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant, City of Dearborn, appeals as of right from a circuit court order reinstating plaintiff as a probationary firefighter. We reverse.

On June 29, 1984, plaintiff was discharged for misuse of city equipment. The basis for the discharge was the discovery that during May 29 and May 30, 1984, plaintiff, while on duty, placed harassing and obscene telephone calls from the city telephone located in the fire captain's office. Such personal telephone use violated a specific city policy.

Plaintiff filed a grievance after his discharge, pursuant to the collective bargaining agreement between the city and its firefighters, and also requested a veterans preference hearing under

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the Michigan veterans preference act, MCL 35.401 *et seq.;* MSA 4.1221 *et seq.* The grievance was held in abeyance pending the outcome of the hearing. The mayor of the city adopted the hearing officer's recommendation upholding plaintiff's discharge. The hearing officer had found that the telephone calls constituted "official misconduct" and "wilful neglect of duties" as a firefighter.

On November 28, 1984, plaintiff filed a complaint in the circuit court, contending that the decision upholding his discharge violated the veterans preference act and that his discharge was in violation of the applicable collective bargaining agreement. The trial court dismissed the counts regarding the collective bargaining agreement because plaintiff had failed to exhaust his contractual remedies. In regard to the veterans preference claim, the circuit court ruled that there was insufficient record evidence to establish that plaintiff had committed official misconduct or that plaintiff neglected his duties. This appeal ensued.

Defendant contends that the circuit court should not have set aside the mayor's decision upholding plaintiff's discharge. Defendant first argues that the circuit court erred by failing to address defendant's arguments that plaintiff could not invoke the protection of the act because he had not demonstrated "good moral character" or because of his probationary status. We find that the circuit court acted correctly in declining to address these issues. These questions were not raised before the hearing officer or the mayor. As a general rule, questions not raised or ruled on by a lower court or tribunal, or alleged erroneous action as to which no objection was made, cannot be presented to or considered by a reviewing court.

Even if the circuit court had considered these issues, there is no merit to defendant's conten-

tions. The requirement of "good moral character" as set forth in MCL 35.401; MSA 4.1221, applies only to applicants for positions. Once a person is hired, the section does not apply and does not allow discharge under the act for lack of good moral character.

The fact that plaintiff was on probationary status is also irrelevant. Section 2 of the act, MCL 35.402; MSA 4.1222, refers to any veteran holding an office or employment in any public department or public works of a city. The act does not exclude those employees when they are placed on probationary status.

Defendant next argues that the circuit court erred in reversing the mayor's decision by finding insufficient evidentiary support to establish that plaintiff had committed official misconduct or a neglect of duty. The act provides that no veteran falling under the act shall be removed or suspended except for "official misconduct, habitual serious or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency." MCL 35.402; MSA 4.1222.

An appeal from the action of a mayor who acts by virtue of the power granted under the veterans preference act may be pursued by filing a complaint seeking superintending control. See *Lenz v Mayor of Detroit,* 338 Mich 383, 396; 61 NW2d 587 (1953), and GCR 1963, 711. Thus, the circuit court on appeal can review whether an inferior tribunal proceeded according to law. Moreover, while the provisions of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* are not applicable to a mayor's administrative action, Const 1963, art 6, § 28 requires that all final decisions, findings, rulings and orders of any administrative officer, which are judicial or quasi-

judicial and affect private rights, be subject to review by the courts as provided by law. This review is to include, as a minimum, a determination of whether such final decisions, findings, rulings and orders are authorized by law and, in cases in which a hearing is required, whether they are supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28. Accord, *Degraaf v Allegan,* 91 Mich App 266, 270; 283 NW2d 719 (1979), and *Smith v Mayor of Ecorse,* 81 Mich App 601; 265 NW2d 766 (1978). This case, however, does not require a review to determine whether the decision is supported by competent, material and substantial evidence. The facts herein are basically undisputed. Given the fact that plaintiff placed the obscene and harassing telephone calls, the question is whether such action constituted "official misconduct" or "wilful neglect in the performance of duty" as is required for termination under the veterans preference act. Because the facts are undisputed, this appeal involves purely a question of law as to the meaning of those terms and application of the law to the facts. We find that plaintiff's actions constituted both official misconduct and wilful neglect in the performance of his duties. Therefore, the circuit court erred in reinstating plaintiff as a probationary firefighter.

Plaintiff was a sworn officer of the Dearborn Fire Department entrusted with the responsibility of protecting public safety and welfare in times of emergency. He serves as a role model and authority figure to many youths. His conduct is also controlled by rules of the department. The placement of obscene phone calls while on duty and through the unauthorized use of a city telephone is egregious conduct which is in direct contravention of department orders and inconsistent with

his responsibilities to the public for their safety and welfare. Plaintiff's actions constitute official misconduct.

We also find that plaintiff committed serious or wilful neglect in the performance of his duties. A firefighter who is on duty should be in a state of readiness to respond to a public emergency. He neglects his duties when he intentionally places unauthorized harassing or obscene telephone calls during working hours.

Therefore, the circuit court erred by reinstating plaintiff to his position as a probationary firefighter.

Reversed.