SMITH v MAYOR OF THE CITY OF ECORSE

1. ADMINISTRATIVE LAW—APPEAL AND ERROR—STANDARD OF REVIEW.

The judicial yardstick for assessing the validity of an administrative decision is whether the decision is supported by competent, material and substantial evidence on the whole record; on an appeal of an administrative decision, a court should not superimpose its judgment on that of the administrative agency and review questions of fact and weigh evidence or determine whether the probabilities preponderate one way or another, but should simply determine whether the evidence justifies the findings of the agency.

2. ADMINISTRATIVE LAW—VETERAN'S PREFERENCE ACT—POLICE OFFICERS—SUSPENSIONS—HEARINGS—MAYOR PRO TEM DECISIONS.

An administrative hearing concerning the suspension of a police officer pursuant to the veteran's preference act may be conducted by the mayor pro tem of a city although the city charter does not specifically state that the mayor pro tem should conduct such hearings where such a conclusion is implied in the city charter and is correct both in terms of legal sense and common sense; to hold otherwise would mean that the hearing could not be held until a new mayor was elected (MCLA 35.402; MSA 4.1222).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted January 4, 1978, at Detroit. (Docket No. 30827.) Decided March 6, 1978.

Complaint by Raymond Smith against the City of Ecorse, its mayor and acting chief of police seeking a restraining order reinstating the plaintiff as a police officer in the City of Ecorse and for

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 549.
[2] 2 Am Jur 2d, Administrative Law §§ 435–440.

damages for wrongful suspension. Judgment for defendants. Plaintiff appeals. Affirmed.

*Pitts, Mann & Patrick, P. C.,* for plaintiff.

*Victor T. Mitea* and *Todd J. Mikesell,* City Attorneys for the City of Ecorse.

Before: BASHARA, P. J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff-appellant, a police officer in the City of Ecorse, was suspended on February 21, 1975. A complaint was filed against him consisting of three criminal allegations. A hearing was scheduled before the Police and Fire Commission of the City of Ecorse but was adjourned at the request of appellant's counsel. Prior to the adjourned hearing, appellant filed a lawsuit in Wayne County Circuit Court. On July 3, 1975, the circuit court struck two of the allegations against appellant and on August 7, 1975, entered an order remanding the matter to proceed on the third count only: making inconsistent statements before the Wayne County prosecutor's office and in a trial of a criminal cause. In his petition to the Wayne County Circuit Court, appellant demanded and was granted a hearing under the veteran's preference act.[1]

---

[1] MCLA 35.402; MSA 4.1222, provides, in pertinent part:

"No veteran * * * shall be removed or suspended, or shall, without his consent, be transferred from such office or employment except for official misconduct habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency; and such veteran shall not be removed, transferred or suspended for any cause above enumerated from any office or employment, except after a full hearing * * * before the mayor of any city * * * and at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges * * * Provided further, That the mayor * * * may refer any protest where a veteran is removed, transferred, suspended or

Pursuant to the August 7, 1975, order, on September 3, 1975, a hearing was commenced before the Honorable Charles G. Coman, Mayor of the City of Ecorse. However, before this hearing could be concluded, Mayor Coman entered Detroit Osteopathic Hospital and the hearing was adjourned without date pending his recovery and emergence from the hospital.

During the mayor's illness, the parties returned to Wayne County Circuit Court and appellant requested that the then mayor pro tem conduct a new hearing. Appellee objected contending that the mayor pro tem could not hold the hearing because the mayor was living and the veteran's preference act provides that the mayor will conduct the hearing.

Mayor Coman did not return from the hospital where he died on November 29, 1975. Following Coman's death, Dora Gaines was elected the new Mayor of Ecorse.

Proceeding under the August 7, 1975, order of the circuit court, the parties attempted to have the matter heard by the newly elected mayor. However, when appellant and appellees, along with their respective counsel, appeared for the hearing, Mayor Gaines disqualified herself on the basis that her personal knowledge of the appellant and his family might interfere with her ability to render a fair decision.

Appellant claims that the litigants returned to

discharged, to the legal department of such city or village for a hearing. The legal department shall act as a fact finding body and shall have the power to examine witnesses, administer oaths and do all those things which the mayor could do hereunder: Provided further, That the findings shall be transmitted to the mayor in writing by the legal department, whereupon the mayor shall examine the transcript of the hearing and make a decision based on the transcript thereof * * * ."

the Wayne County Circuit Court to ask for direction. Appellee does not address this issue.

The docket card does not show a hearing on this issue and appellant admits that no order was entered by the trial court.

Subsequently, Mayor Gaines designated Harry J. White as mayor pro tem to hear the matter. The hearing under the veteran's preference act was held by Mayor Pro Tem White without the presence of appellant or his counsel although appellant admits he received proper notice. Mayor Pro-Tem White found, based on the unrefuted testimony, that appellant was guilty of the charges against him and should be dismissed. The trial court upheld the administrative hearing. We affirm.

The trial court in its opinion stated:

"The Court's function here is to ascertain if there was competent, material and substantial evidence upon which the Administrative decision can be based.

" 'Judicial yardstick for assessing validity of an administrative decision is whether the decision is supported by competent, material and substantial evidence on the whole record.' *Union Bank & Trust Co., v First Michigan Bank & Trust Co.* 44 Mich. App 83 [205 NW2d 54 (1972).]

" 'In determining questions such as here presented to the trial court and now presented in this appeal to this court, neither court should superimpose its judgment over that of the commission and review questions of fact and weigh evidence, nor determine whether the probabilities preponderate one way or another, but such appeals simply determine whether the evidence is such as justifies the findings of the Commission.'

"*Carroll v City Commission, etc.,* 266 Mich. 123 [253 NW 240 (1934)]; *Bischoff v County of Wayne,* 320 Mich. 376 [31 NW2d 798 (1948)]; *Mapley v City of Pontiac,* 288 Mich 396 [284 NW 924 (1939)]; *In re Fredericks,* 285

Mich. 262 [280 NW 464 (1938)]; *Royal v Ecorse Police & Fire Comm.,* 345 Mich. 214 [75 NW2d 841 (1956)]."

We agree with the trial court's summation of the relevant standard on appeal.

The fact that the mayor pro tem conducted the hearing instead of the mayor is correct both in terms of legal sense and common sense.[2] While the city charter does not specifically state the mayor pro tem should conduct hearings on the veteran's preference act, such a conclusion certainly is implied from § 3 of the city charter.[3]

To hold otherwise would mean that where a party requested and received a hearing under the veteran's preference act, and the mayor refuses for any reason, the hearing could not be held until a new mayor was elected.

Affirmed. No costs.

---

[2] Black's Law Dictionary defines "pro tempore" as "For the time being; temporarily; provisionally."

[3] "CHAPTER V
"CITY COUNCIL

* * *

"SECTION 3. The Mayor shall preside at the meetings of the Council. In the absence of the Mayor, the Mayor Pro Tempore shall preside. In the absence of the Mayor and the Mayor Pro Tempore, the Council shall designate one of its number to act as presiding officer."