STATE BOARD OF EDUCATION v HOUGHTON LAKE
COMMUNITY SCHOOLS

Docket No. 92416. Submitted November 14, 1986, at Lansing. Decided
January 21, 1987.

The Michigan State Board of Education brought an action against
the Houghton Lake Community Schools and the Houghton
Lake Board of Education in the Roscommon Circuit Court for
mandamus to compel defendants to make up six days of sched-
uled instruction canceled because of snow in order to provide
180 days of instruction for students in their school district. The
court, Carl L. Horn, J., granted judgment for defendants,
finding no clear legal duty to provide such instruction. Plaintiff
appealed.

The Court of Appeals *held:*

1. The power to mandate the number of days of instruction
belongs to the Board of Education, not the Legislature.

2. The administrative rules of the State Board of Education
provide that snow days count as days of instruction.

3. Defendants had no duty enforceable by mandamus to make
up the days in question.

Affirmed.

1. MANDAMUS — EQUITY.

Mandamus lies only to enforce the performance of a clear legal
duty.

2. SCHOOLS — DAYS OF INSTRUCTION — CONSTITUTIONAL LAW.

The Legislature has no constitutional power to mandate the
number of days of instruction which a district must provide;
that power lies exclusively with the State Board of Education
(Const 1963, art 8, § 3).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Mandamus §§ 4, 72 *et seq.*
Am Jur 2d, Schools § 7.
See the annotations in the Index to Annotations under Mandamus;
Schools and Education.

*Caruso,* Solicitor General, and *Gerald F. Young* and *Paul J. Zimmer,* Assistant Attorneys General, for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Thomas J. Nordberg* and *Beverly J. Bonning*), for Houghton Lake Community Schools.

Amicus Curiae:

*Foster, Swift, Collins & Coey, P.C.* (by *Karen Bush Schneider*), for Houghton Lake Education Association.

Before: R. B. BURNS, P.J., and GRIBBS and A. T. DAVIS,* JJ.

A. T. DAVIS, J. Plaintiff sought mandamus to require defendants to make up six days of scheduled instruction canceled because of snow in order to provide 180 days of instruction for students in their school district. The trial court found no clear legal duty to provide such instruction and denied mandamus. Plaintiff appeals.

Plaintiff relies on MCL 380.1284; MSA 15.41284, § 1284 of the School Code, and MCL 388.1701(2); MSA 15.1919(1001)(2), § 101(2) of the State School Aid Act, which provide, respectively, that "[t]he minimum number of days of student instruction shall be 180," and that "each district shall provide a minimum of 180 days of pupil instruction." Significantly, both statutes provide a financial penalty in state aid proportionate to the number of days of instruction less than 180 provided by a district.

Plaintiff relies additionally on 1984 AACS, R 340.10(1), (5), promulgated by the board of education, which provide respectively, that "to qualify

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

for state aid without penalty . . . [a school district] shall have a minimum of 180 days of student instruction in each school year," and "[f]ull-time pupils attending grades 1-12 shall be provided a minimum of 180 days of student instruction."

Defendants concede the financial penalty imposed by the Legislature, but contend that the above statutes go no further, i.e., cannot support mandamus. With regard to the administrative rules, defendants contend that the board cannot require them to provide the six days of instruction since 1979 AC, R 340.11, promulgated by the board, exempted from required days of instruction days lost to severe weather.

To rebut defendants' argument that days lost to severe weather could be counted as days of instruction under the administrative rules, plaintiff contends that the Legislature impliedly repealed the administrative rule relied on by defendants by enacting 1984 PA 239, MCL 338.1701(3); MSA 15.1919(1001)(3), § 101(3) of the State School Aid Act, which provides that days lost to severe weather "shall not be counted as days of pupil instruction."

The trial court concluded that by the above provisions of the School Code and State School Aid Act the Legislature had done no more than provide a financial penalty for failure to hold 180 days of instruction. Finding that defendants had no clear legal duty to hold 180 days of instruction, the trial court denied mandamus. We affirm.

Mandamus lies only to enforce the performance of a clear legal duty. *Welling v Livonia Bd of Ed,* 382 Mich 620, 623; 171 NW2d 545 (1969).

"The Legislature shall maintain and support a system of free public elementary and secondary schools as defined by law." Const 1963, art 8, § 2.

"Leadership and general supervision over all

public education . . . is vested in a state board of education." Const 1963, art 8, § 3.

In *Welling, supra,* our Supreme Court, looking to the above constitutional provisions, addressed whether a legislative provision imposing a financial penalty for failure to hold 180 days of instruction would support an action for mandamus requiring districts to provide a full, as opposed to half, day of instruction. The Court held:

> It is the responsibility of the State board of education to supervise the system of free public schools set up by the legislature and, as a part of that responsibility, to promulgate regulations specifying the number of hours necessary to constitute a school day for elementary school students as well as for other classifications or groupings of students, to determine the curricula and, in general, to exercise leadership and supervision over the public school system.
>
> In the absence of rules or regulations by the State board of education, we do not find that the provisions for one-half day sessions because of lack of funds to operate on a full-day schedule or for the teaching of certain subjects on a compressed schedule constitute an abuse of discretion by the local school board.
>
> Since no clear legal duty has been imposed upon the local school boards by the constitutionally responsible State board of education, no relief should have been granted to the plaintiffs in these cases. [382 Mich 624.]

Clearly, requirements governing the number of days of instruction to be provided must also come from the state board. While we believe that imposition of financial penalties for failure to hold 180 days of instruction is within the province of the legislative duty to "maintain and support a system of free public . . . schools," we conclude that the

Legislature has no constitutional power to mandate the number of days of instruction which a district must provide. That power lies exclusively with the board of education. *Welling, supra.*

At the time of plaintiff's suit, the board of education had promulgated 1984 AACS, R 340.10(1), (5), *supra,* which provided in mandatory terms that a district hold 180 days of instruction. 1979 AC, R 340.11, however, provided that "[d]ays not in session because of conditions not within the control of school authorities, such as severe storms, . . . may be counted as days of student instruction."

Thus, to the extent the board sought to require, by administrative rule, 180 days of instruction, it had exempted days lost to severe weather. Because the Legislature may not mandate the number of days of instruction which a district must provide, *Welling, supra,* plaintiff's argument that the Legislature impliedly repealed that exemption by enactment of 1984 PA 239 must fail.

Affirmed.