CLONLARA, INC v STATE BOARD OF EDUCATION

Docket No. 116372. Submitted November 13, 1990, at Lansing. Decided April 1, 1991, at 10:35 A.M. Leave to appeal sought.

Clonlara, Inc., a nonprofit corporation which helps persons who desire to establish a home school program, and several parents of children who are taught at home, brought an action in the Ingham Circuit Court against the State Board of Education, the Department of Education, and the Superintendent of Public Instruction to prevent enforcement of the board's Nonpublic School and Home School Compliance Procedures which set forth the criteria for classification of and the legal requirements necessary to conduct a home school. The trial court, Thomas L. Brown, J., found the procedures to be rules not properly adopted pursuant to the Administrative Procedures Act and permanently enjoined the defendants from enforcing or using the procedures. The defendants appealed, alleging that the procedures fall within several exceptions to the act's definition of a rule.

The Court of Appeals held:

The procedures are rules requiring promulgation under the Administrative Procedures Act and are invalid because the defendants failed to comply with the procedural requirements of the act.

1. The procedures fall within the Administrative Procedures Act's broad definition of rule because they prescribe the procedures involved in applying the law enforced or administered by the school agency.

2. The procedures do not fall within any of the exceptions to the definition of rule provided in the Administrative Procedures Act, MCL 24.207; MSA 3.560(107), because they are not internal memoranda, they clearly affect the rights of the individual plaintiffs to license a home school, they are not an informational pamphlet or interpretative statement, they do

REFERENCES

Am Jur 2d, Administrative Law §§ 92 et seq., 289 et seq.; Schools §§ 53-55; Statutes §§ 142 et seq.

See the Index to Annotations under Administrative Law; Rules and Regulations; Schools.

not merely explain the requirements of the private, denominational, and parochial schools act, MCL 388.551 *et seq.*; MSA 15.1921 *et seq.*, and they are not a decision by an agency whether to exercise a permissive statutory power.

Affirmed.

1. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — RULE.

The Legislature has defined broadly the word "rule" in the Administrative Procedures Act to defeat the inclination of agencies to label as bulletins, announcements, guides, and interpretative bulletins that which, in legal operation and effect, really amount to rules (MCL 24.207; MSA 3.560[107]).

2. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — RULES — INTERPRETATIVE STATEMENTS.

The exception to the definition of a rule contained in the Administrative Procedures Act for an interpretative statement is narrowly construed to require that the interpretative statement be merely explanatory; a policy directive is not an interpretative statement if it is inconsistent with the law it is interpreting or contains provisions which exceed the scope of the law which it interprets (MCL 24.207[h]; MSA 3.560[107][h]).

3. SCHOOLS — NONPUBLIC SCHOOL ACT — SCHOOL CODE — SUPERINTENDENT OF PUBLIC INSTRUCTION.

The private, denominational, and parochial schools act neither implicitly nor explicitly provides the superintendent of public instruction the authority to promulgate new requirements not specifically set forth in the act or the School Code (MCL 380.1 *et seq.*, 388.551 *et seq.*; MSA 15.4001 *et seq.*, 15.1921 *et seq.*).

4. SCHOOLS — NONPUBLIC SCHOOLS — HOME SCHOOLS — COMPLIANCE PROCEDURES — ADMINISTRATIVE PROCEDURES ACT — RULES.

The State Board of Education's Nonpublic School and Home School Compliance Procedures are invalid because they are rules and were not promulgated in compliance with the procedural requirements of the Administrative Procedures Act (MCL 24.243; MSA 3.560[143]).

*Kurt Berggren,* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Gerald F. Young, Paul J. Zimmer,* and *Jane D. Woodfin,* Assistant Attorneys General, for the defendants.

Before: Cavanagh, P.J., and Jansen and T. J. Lesinski,* JJ.

Jansen, J. On October 31, 1986, plaintiffs filed a complaint seeking injunctive and declaratory relief to prevent defendants from enforcing the State Board of Education's Nonpublic School and Home School Compliance Procedures. Defendants appeal as of right from the trial court's order permanently enjoining them from using these procedures in any manner against any Michigan parents educating their children at home. The issue on appeal is whether the defendant State Board of Education lawfully adopted the procedures requiring plaintiffs to file with the intermediate school district a home school membership report, and whether the procedures were in fact rules requiring promulgation pursuant to the Administrative Procedures Act. MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* We hold that defendants improperly issued the Nonpublic School and Home School Compliance Procedures because they constitute rules which must be promulgated under the APA.

Plaintiff Clonlara, Inc., is a nonprofit corporation which helps individuals who desire to establish a home school program for their children. Plaintiffs Deborah McConnell and Robert and Cynthia Gibson are parents of children who are taught at home. The present action revolves around the State Board of Education's publication of procedures which set forth the manner by which the Department of Education and its agents are to collect and process information necessary to the department's enforcement of the private, denominational, and parochial schools act (nonpublic school act), MCL 388.551 *et seq.*; MSA 15.1921 *et*

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

*seq.,* and set forth circumstances under which the department may institute enforcement proceedings against schools under § 4 of the nonpublic school act, MCL 388.554; MSA 15.1924, for noncompliance. These procedures are distributed to families who choose home schooling, who are expected to fill out and return the forms. The legal requirements set forth under the procedures for a home school include that instruction take place on a daily basis during a school year of at least 180 days, that instruction include social studies and science classes, and that the instruction consist of an interactive process. Finding that the procedures were infirm and violative of plaintiffs' rights, the trial court entered an injunction preventing defendants from enforcing the procedures.

It is undisputed that the procedures were not promulgated pursuant to the APA. Nor do defendants argue that the Department of Education has authority to promulgate administrative rules. Defendants do claim that the procedures do not constitute rules under the APA because they fall within several exceptions to the APA's definition of a rule listed in § 7 of the APA, MCL 24.207; MSA 3.560(107). Specifically, defendants argue that the procedures constitute either an intergovernmental, interagency, or intraagency memorandum that does not affect the rights of, or the procedures and practices available to, the public; an explanatory instruction or interpretive statement; a guideline or informational pamphlet; or a decision by an agency to exercise or not to exercise a permissive statutory power. We hold that the procedures are rules and do not fall within any of the exceptions listed in § 7 of the APA.

Section 7 of the APA defines a rule as

  an agency regulation, statement, standard, policy,

ruling, or instruction of general applicability that implements or applies law enforced or administered by the agency, or that prescribes the organization, procedure, or practice of the agency, including the amendment, suspension, or rescission thereof. . . .

Section 7 expressly exempts the following types of publications from the definition of a rule:

(g) An intergovernmental, interagency, or intraagency memorandum, directive, or communication that does not affect the rights of, or procedures and practices available to, the public.

(h) A form with instructions, an interpretive statement, a guideline, an informational pamphlet, or other material that in itself does not have the force and effect of law but is merely explanatory.

\* \* \*

(j) A decision by an agency to exercise or not to exercise a permissive statutory power, although private rights or interests are affected.

Our Supreme Court has set forth the policy behind defining the word "rule" broadly:

The Legislature has defined "rule" broadly so as to defeat the inclination of "agencies to label as 'bulletins,' 'announcements,' 'guides,' 'interpretive bulletins,' . . . which, in legal operation and effect, really amount to rules." [*Detroit Base Coalition for Human Rights v Dep't of Social Services,* 431 Mich 172, 183; 428 NW2d 335 (1988), quoting Cooper, 1 State Administrative Law, p 108.]

The Court also noted:

[B]ecause the adoption of a rule by an agency has the force and effect of law and may have serious consequences for many people, the legislature prescribed an elaborate procedure for rule

promulgation in Chapter 3 of the Michigan Administrative Procedures Act. . . . These provisions are calculated to invite public participation in the rule-making process, prevent precipitous action by the agency, prevent the adoption of rules that are illegal or that may be beyond the legislative intent, notify affected and interested persons of the existence of the rules, and make the rules readily accessible after adoption. [*Id.* at 189-190, quoting Bienenfeld, Michigan Administrative Law, p 4-1.]

We hold that the procedures involved in the present case fall within the broad definition of rule in that they prescribe the procedures involved in applying the law enforced or administered by the school agency.

We are not persuaded by defendants' argument that the procedures are exempt under § 7(g) of the APA as an intergovernmental, interagency, or intraagency memorandum, directive, or communication that does not affect the rights of, or procedures and practices available to, the public. First, we note that the procedures were distributed to families wishing to register a home school. They did not act as merely internal memoranda. Furthermore, the procedures, by setting forth the criteria for classification as a home school and the legal requirements necessary to conduct a home school, clearly affected the rights of the families to license a home school.

Likewise, defendants' allegation that the procedures constituted an informational pamphlet or interpretive statement under § 7(h) of the APA is not compelling. Exception h of § 7 has been narrowly construed to require that the interpretive statement at issue be merely explanatory. *Coalition for Human Rights, supra* at 184; *Michigan Farm Bureau v Bureau of Workmen's Compensation,* 408 Mich 141, 159; 289 NW2d 699 (1980). A

policy directive is not an interpretive statement if it is inconsistent with the law it is interpreting or contains provisions which exceed the scope of the law which it interprets. *Jordan v Dep't of Corrections,* 165 Mich App 20, 27; 418 NW2d 914 (1987). Our Supreme Court in *Coalition for Human Rights* stressed that the policy behind construing this exception narrowly stems from the principle that the preferred method of policymaking is through the process of promulgation of rules. "When action taken by an agency alters the status quo, those who will be affected by its future application should have the opportunity to be heard and to participate in the decision making." *Coalition for Human Rights, supra* at 185. Requirements set forth within the procedures establishing that a home school must provide 180 days or 900 hours of education each school year involving interactive contact between a certified teacher and a student, including instruction in science and social studies, are not merely explanatory, because these provisions are not provided for within the law.

The intent of the nonpublic school act is to ensure that the courses of study and the qualifications of the teachers in private schools shall be of the same standard as provided by the general school laws of the state. MCL 388.551; MSA 15.1921. The act further states that "[n]o person shall teach or give instruction in any of the regular or elementary grade studies in any private, denominational or parochial school within this state who does not hold a certificate such as would qualify him or her to teach in like grades of the public schools of the state." MCL 388.553; MSA 15.1923. The specific regulations set forth in the procedures on the basis of the broad general intent of the nonpublic school statute do not constitute mere explanation of the statute's requirements.

There is no requirement in the School Code, MCL 380.1 *et seq.*; MSA 15.4001 *et seq.*, or in the nonpublic school act mandating interactive face-to-face teacher-student contact. Further, while there is a statutory requirement that certain subjects are to be taught, these subjects do not include social studies and science, which the procedures require. Furthermore, the requirement under the procedures that instruction by a certified teacher encompass 900 hours or 180 days of instruction each school year is not a mere explanation of the nonpublic school act. There is no clear legal duty for a school district to provide 180 days of instruction under the School Code, MCL 380.1284(1); MSA 15.41284(1), or the State School Aid Act, MCL 388.1701(2); MSA 15.1919(1001)(2). *State Bd of Ed v Houghton Lake Community Schools,* 430 Mich 658, 678; 425 NW2d 80 (1988). Thus, our review of the procedures indicates that they are not merely explanatory. Rather, the procedures provide specific requirements not contained within the nonpublic school act and, in the case of requiring 180 days of instruction, would seem to misinterpret the present law as it applies to public schools. Section 7(h) of the APA does not provide an exception under these facts.

Finally, defendants allege that the procedures constitute a decision by an agency to exercise or not to exercise a permissive statutory power, although private rights and interests are affected thereby. We disagree. Courts have recognized decisions as being within the purview of § 7(j) of the APA where there is an explicit or implicit authorization for the·actions in question. *Coalition for Human Rights, supra* at 187-188; *Pyke v Dep't of Social Services,* 182 Mich App 619, 630; 453 NW2d 274 (1990). The question then becomes whether the superintendent of public instruction has explicit or

implicit authorization to establish procedures setting forth the number of days and hours a certified teacher must instruct in a home school, the type of courses to be offered at the home school, and the requirements concerning the manner of instruction offered by the home school. The nonpublic school act does provide that "[t]he superintendent of public instruction is hereby given supervision of all the private, denominational and parochial schools of this state in such matters and manner as is hereinafter provided." MCL 388.551; MSA 15.1921. The act later states that the superintendent of public instruction "shall have authority at any time to investigate and examine into the conditions of any school operating under this act as to the matters hereinbefore set forth and it shall be the duty of such school to admit such superintendent . . . and to submit for examination its sanitary condition, the records of enrollment of pupils, its courses of studies as set forth in section 1 of this act and the qualifications of its teachers." MCL 388.555; MSA 15.1925.

However, the nonpublic school act neither implicitly nor explicitly provides the superintendent of public instruction the authority to promulgate new requirements not specifically set forth in the nonpublic school act or the School Code. The compulsory school attendance section of the School Code requires a child to be in public school or the equivalent for the entire school year. MCL 380.1561(3); MSA 15.41561(3). The compulsory school attendance statute does not require that the child be in school for 180 days per school year. *Houghton Lake Schools, supra* at 678. While it might be the intent of the nonpublic school act that the course of study and the qualifications of the teachers in a home school be the same as that

provided by the general school laws of the state, this does not provide authority for the superintendent of public instruction to define the requirements of public and private instruction absent a statutory enactment setting forth the specific requirements. The school board and the superintendent of public instruction cannot legislate the requirements of private and public instruction without complying with the provisions of the APA.

In holding that the procedures constitute rules requiring promulgation under the APA, we are not ruling on the advisibility of the requirements. However, our Legislature has established the proper procedures to follow in promulgating rules under the APA. Our holding reemphasizes the importance of public participation in the creation of rules and regulations as embodied in the APA.

Since defendants have failed to comply with the procedural requirements of the APA, the procedures are invalid. MCL 24.243; MSA 3.560(143); *Jordan, supra* at 24; *Pyke, supra* at 629.

Affirmed.